KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

450 Golden Gate Avenue, 10th Floor
San Francisco, California 94102-3495
Telephone: (415) 436-7264
Facsimile: (415) 436-6748
Email: abraham.simmons@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TPS INC., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF DEFENSE, et al., <br><br> Defendants. | No. C 99-01825 JSW <br><br> **STIPULATION AND ORDER OF COMPROMISE AGREEMENT AND RELEASE** |

IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action brought pursuant to the Freedom of Information Act, Freedom of Information Act, 5 U.S.C. Section 552(a)(4)(B) ("FOIA"), be settled and compromised on the following terms:

1. Defendants Department of Defense, the Defense Logistics Agency ("DLA") and the Defendant Logistics Service Center (hereinafter "Defendants"), shall direct the Department of the Treasury pay to plaintiff, TPS, Inc., the sum of $3,000.00 (Three Thousand Dollars). This amount is in exchange for plaintiff releasing and dismissing all claims of any form, legal or equitable, relating to TPS Inc.'s claims in the above-styled lawsuit, entitled *TPS Inc. v. Department of Defense*, No. C 99-01825 JSW filed in the Northern District of California District Court. The parties understand that this amount includes full satisfaction of all claims for

1  attorneys' fees and costs arising from work performed by plaintiff's present and former counsel at
2  all stages of this litigation, including, but not limited to, the processing of the plaintiff's district
3  court complaints and appeals in connection with the above-entitled action.

4      2. Payment of the proceeds referred to in paragraph 1, above shall be delivered to
5  plaintiff on or before August 10, 2004.

6      3. Plaintiff, TPS, Inc., will accept the terms described in paragraphs one and two above
7  in full settlement and satisfaction of any and all claims and demands which it, its successors or
8  assignees may now have or hereafter acquire against the defendants any of their past and present
9  officials, agents, employees, attorneys, or insurers, on account of the events described in
10 plaintiff's pleadings in this action, or as a result of any other action or conduct by the defendants,
11 their past and present officials, agents, employees, attorneys, or insurers that occurred prior to the
12 execution of this Agreement.

13     4. In consideration of this Agreement and the payment of the foregoing amounts
14 thereunder, plaintiff agrees that it will execute herewith a dismissal with prejudice of *TPS Inc. v.*
15 *Department of Defense*, No. C 99-01825 JSW which dismissal will be held in trust by the
16 undersigned Assistant United States Attorney and not filed until the settlement check is delivered
17 to plaintiff's counsel.

18     12. The provisions of California Civil Code Section 1542 are set forth below:

19         "A general release does not extend to claims which the creditor
        does not know or suspect to exist in his favor at the time of
20         executing the release, which if known by him must have materially
        affected his settlement with the debtor."
21

22 Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by its attorneys,
23 and fully understanding the same, nevertheless elects to waive the benefits of any and all rights
24 she may have pursuant to the provision of that statute and any similar provision of federal law.
25 Plaintiff understands that, if the facts concerning plaintiff's claims and the liability of the
26 government for damages pertaining thereto are found hereinafter to be other than or different
27 from the facts now believed by them to be true, this Agreement shall be and remain effective

28 Settlement and Release
   C 99-01825 JSW                             2

1  notwithstanding such material difference.

2  13. This Agreement may be pled as a full and complete defense to any subsequent action
3  or other proceeding involving any person or party which arises out of the claims released and
4  discharged by the Agreement.

5  14. This is a compromise settlement of a disputed claim and demand, which settlement
6  does not constitute an admission of liability or fault on the part of the defendants or any of their
7  past and present officials, agents, employees, attorneys, or insurers on account of the events
8  described in plaintiff's complaint in this action.

9  15. If any withholding or income tax liability is imposed upon plaintiff based on payment
10 of the settlement sum received herein, plaintiff shall be solely responsible for paying any such
11 determined liability from any government agency thereof. Plaintiff will indemnify and hold the
12 defendant harmless from any liability it incurs from any government agency arising out of any
13 failure by plaintiff to pay for any liability he might incur from any government agency.

14 17. The parties agree that should any dispute arise with respect to the implementation of
15 the terms of this Agreement, the plaintiff shall not seek to rescind the Agreement and pursue its
16 original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the
17 Agreement in district court. The parties agree that the district court will retain jurisdiction over
18 this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

19 18. Each party hereby stipulates that it has been represented by and has relied upon
20 independent counsel in the negotiations for the preparation of this Agreement, that it has had the
21 contents of the Agreement fully explained to it by such counsel, and is fully aware of and
22 understands all of the terms of the Agreement and the legal consequences thereof. It is
23 acknowledged that the parties hereto have, through their respective counsel, mutually
24 participated in the preparation of this Agreement, and it is agreed that no provision hereof shall
25 be construed against any party hereto by virtue of the activities of that party or its attorney.

26 19. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the
27 validity, legality, and enforceability of the remaining provision shall not in any way be affected

28 Settlement and Release
   C 99-01825 JSW                                3

1 | or impaired thereby.

2 |     20. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

TPS, Inc.

Dated: 5/12/04

By: RICHARD SNYDER
Plaintiff

LAW OFFICES OF DANIEL E. KENSINGER

Dated: 5/12/04

DANIEL E. KENSINGER
Attorney for Plaintiff

KEVIN V. RYAN
United States Attorney

Dated: 5/12/04

ABRAHAM A. SIMMONS
Assistant United States Attorney
Attorneys for Defendant

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: MAY 2 7 2004

JEFFREY S. WHITE
United States District Court Judge

Settlement and Release
C 99-01825 JSW      4