**FILED**

NOV - 6 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **RICHARD SNYDER pro se**<br>521 Alameda Del Prado #228<br>Novato, CA 94949<br>Plaintiff,<br><br>vs.<br><br>**DEPARTMENT OF DEFENSE; DEFENSE LOGISTICS AGENCY**<br><br>Defendants. | Case No: 99-CV-01825-JSW<br><br>**PLAINTIFF'S MOTION TO COMPEL FEDERAL DEFENDANT TO COMPLY WITH THIS COURT'S PREVIOUS ORDER**<br><br>Date: : January 9. 2014<br><br>Time: 9:00 AM<br><br>Location: COURTROOM 5, 2nd FLOOR<br><br>Before: Hon. Jeffrey S. White |

## CAGE CODE FILE

## BACKGROUND FACTS

I have filed numerous FOIA requests since 1992. Initially as President of TPS, Inc. and since my semi-retirement in 2006 as Richard Snyder.

1. In 1999 I started requesting the Commercial and Government Entity (CAGE) Code File to be FTPed (File Transfer Protocol) to me. DLIS (Defense Logistics Information Service, a field activity of DLA(Defense Logistics Agency)) refused and claimed it was not "business as usual" (an excuse). This precipitated the Northern District of California Case CV-99-01825-CAL (Complaint EXHIBIT 1) TPS, Inc. v. Defense Logistics Agency. After Judge Legge ruled, the Plaintiff appealed to the 9th Circuit Court of Appeals Case 00-15144 (Complaint EXHIBIT 2)

-1-

**PLAINTIFF'S MOTION TO COMPEL FEDERAL DEFENDANT TO COMPLY WITH THIS COURT'S PREVIOUS ORDER**

TPS, Inc. v. the Defense Logistics Agency. The 9th Circuit remanded the case back to the Northern District. By stipulation the government provided the information in full and paid the Plaintiff $3,000.00 in costs and expenses to dismiss the case. DLIS immediately FTP the CAGE Code File to TPS as requested.

2. Ever since then I have been requesting the CAGE Code File from DLIS each quarter through and including the fourth quarter of 2013. Each quarter DLIS would FTP the CAGE Code File to me without incident with the exception of my December 4, 2013 FOIA request.

### DECEMBER 4, 2013 FOIA REQUEST

3. The middle of January 2014 I received a call from DLIS stating that either I do not have sufficient storage space on my computer to accept the CAGE Code File to be transferred or I must have changed some parameters on my computer preventing the transfer of the CAGE Code File to be received by my computer. This was just another flimsy excuse.

4. I informed DLIS that I have plenty of space on my computer and that no parameters have been changed on my computer.

5. On March 6 2014 DLIS denied the FTP transmission of the CAGE Code File to me with the following flimsy excuse in their March 6, 2014 letter (Complaint EXHIBIT 3

> "Subsection (a)(2) of the FOIA requires that certain other types of records, final agency opinions and orders rendered in the adjudication of cases, specific policy statements, certain administrative staff manuals and instructions to staff, as well as records previously processed for disclosure under the FOIA that are likely to be requested again, be routinely made available for public inspection and copying. Records required to be made publicly available under subsection (a)(2) are not required to be processed in response to regular FOIA requests.
>
> In the past, as a courtesy DLA has provided you via File Transfer Protocol (FTP) the CAGE Code file you requested. Recently, the FTP transfer stopped working in mid-stream and an inquiry to both our IT support and to the Defense Information Services Agency (DISA) did not identify any obstruction in this transfer from either

-2-

**PLAINTIFF'S MOTION TO COMPEL FEDERAL DEFENDANT TO COMPLY WITH THIS COURT'S PREVIOUS ORDER**

DLA or DISA. Based on these efforts, the obstruction stopping the
FTP from completing rests in either the receiving system or the
receiving network."

6. The flimsy excuse was a flat out LIE. 5 U.S.C. 552(a)(2) does not say anything

resembling the claim made by DLA DLIS in their denial of my FOIA request for the CAGE

Code File. A deliberate LIE. To try and justify the incompetence of DLA personnel. They

apparently think everyone is as dumb as they are.

5 U.S.C. 552(a)(2)

> "Each agency, in accordance with published rules, shall make
> available for public inspection and copying—
> **(A)** final opinions, including concurring and dissenting opinions,
> as well as orders, made in the  adjudication of cases;
> **(B)** those statements of policy and interpretations which have been
> adopted by the agency and are not published in the Federal
> Register;
> **(C)** administrative staff manuals and instructions to staff that affect
> a member of the public;
> **(D)** copies of all records, regardless of form or format, which have
> been released to any person under paragraph (3) and which,
> because of the nature of their subject matter, the agency determines
> have become or are likely to become the subject of subsequent
> requests for substantially the same records; and
> **(E)** a general index of the records referred to under subparagraph
> (D);
> unless the materials are promptly published and copies offered for
> sale. For records created on or after November 1, 1996, within one
> year after such date, each agency shall make such records
> available, including by computer telecommunications or, if
> computer telecommunications means have not been established by
> the agency, by other electronic means. To the extent required to
> prevent a clearly unwarranted invasion of personal privacy, an
> agency may delete identifying details when it makes available or
> publishes an opinion, statement of policy, interpretation, staff
> manual, instruction, or copies of records referred to in
> subparagraph (D). However, in each case the justification for the
> deletion shall be explained fully in writing, and the extent of such
> deletion shall be indicated on the portion of the record which is
> made available or published, unless including that indication
> would harm an interest protected by the exemption in subsection

-3-

**PLAINTIFF'S MOTION TO COMPEL FEDERAL DEFENDANT TO COMPLY WITH
THIS COURT'S PREVIOUS ORDER**

(b) under which the deletion is made. If technically feasible, the extent of the deletion shall be indicated at the place in the record where the deletion was made. Each agency shall also maintain and make available for public inspection and copying current indexes providing identifying information for the public as to any matter issued, adopted, or promulgated after July 4, 1967, and required by this paragraph to be made available or published. Each agency shall promptly publish, quarterly or more frequently, and distribute (by sale or otherwise) copies of each index or supplements thereto unless it determines by order published in the Federal Register that the publication would be unnecessary and impracticable, in which case the agency shall nonetheless provide copies of such index on request at a cost not to exceed the direct cost of duplication. Each agency shall make the index referred to in subparagraph (E) available by computer telecommunications by December 31, 1999. A final order, opinion, statement of policy, interpretation, or staff manual or instruction that affects a member of the public may be relied on, used, or cited as precedent by an agency against a party other than an agency only if—

(i) it has been indexed and either made available or published as provided by this paragraph; or

(ii) the party has actual and timely notice of the terms thereof.

7. March 6, 2014 letter, paragraph 2, " In the past, as a courtesy DLA has provided you via File Transfer Protocol (FTP) the CAGE Code file you requested."

5 U.S.C. 552 (3)(b)

"**(B)** In making any record available to a person under this paragraph, an agency **shall provide the record in any form or format requested** (emphasis added) by the person if the record is readily reproducible by the agency in that form or format. Each agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible for purposes of this section"

8. Another LIE. "**IN THE PAST, AS A COURTESY DLA HAS PROVIDED YOU VIA FILE TRANSFER PROTOCOL (FTP) THE CAGE CODE FILE YOU REQUESTED**" The CAGE Code file was not FTPed to me out of a courtsey to me, it was FTPed to me as required by law. Why was it necessary for the Federal Defendant to grandize their position (if it had any merit) by putting fabricated spin and claiming to do something as a

-4-

**PLAINTIFF'S MOTION TO COMPEL FEDERAL DEFENDANT TO COMPLY WITH THIS COURT'S PREVIOUS ORDER**

favor to me when in reality the LAW required them to do it. Its baffeling to me why DLA

continues to try and hide under a rock. One hundred percent of the time I find them lift the rock

and let the sun shine in and then they always complain their eyes hurt.

9. March 6, 2014 letter, paragraph 2, 2nd line; "Recently, the FTP transfer stopped

working in mid-stream and an inquiry to both our IT support and to the Defense Information

Services Agency (DISA) **DID NOT IDENTIFY ANY OBSTRUCTION** (emphasis added) in

this transfer from either DLA or DISA."

10. Another deliberate LIE. What obstruction? Why where they checking for an

obstruction? They where looking for a bump in the road instead of a change in personnel. I told

them in January 2014 that the SECURITY PROTOCOL must have been changed and they look

for a hole in the ground. What a surprise they found nothing. So their story is they have put in a

lot of effort trying to comply with my FOIA request. Are personnel at DLIS DLA related to

wrong way Carrigan. The difference between Carrigan and DLIS is Carrigan took responsibility

for his error.

11. So instead of following my instructions of contacting the DISA computer security

personnel to find out what changes took place after October 1, 2013 (The last FTP I received for

the CAGE Code File) DLIS went off in the direction they choose not the one I gave them and

then they didn't end up with the desired result and blamed me and QUIT. I'm impressed.

12. In the case 03-CV-04992-CRW Richard Snyder vs. Defense Logistics Agency, heard

by Judge Walker, Mr. Jeff Gregor (also a party to this debacle) provided a Declaration under

oath saying that the corrupt TIR file was not corrupt and Richard Snyder is wrong and any

problem is on Mr. Snyder's computer(paraphrased). After the Trial Master and I pointed out the

corrupted data in the file I received. Mr. Gregor wrote his third or fourth Declaration under oath

-5-

**PLAINTIFF'S MOTION TO COMPEL FEDERAL DEFENDANT TO COMPLY WITH
THIS COURT'S PREVIOUS ORDER**

in support of the Federal Defendant's case. In that Declaration Mr. Gregor said Mr. Snyder was

right and that DLIS had fixed the programming error in the government's computer program.

Demonstrating that Mr. Gregor is a shoot from the hip type of guy and until you put his head

below the water in the trough and force him to open his eyes he only sees what he wants to see.

13. The transmission error according to DLIS is a problem with my computer and or

network. The last time these errors occured was when the Federal Defendant changed some

parameters in their security protocol on their system.

14. Even in the **ONE** teleconference I participated I was the only one asking DLIS to

contact DISA to inquire what security parameters had been changed in their security protocols

that probably have caused this problem. DLIS didn't even have anyone from DISA participate in

the January 29, 2013 teleconference. The teleconference was done as a demonstration for the

**RECORD** that they tried to **CURE** the problem. Because without DISAs participation the

problem **CAN NOT** be cured.

15. The computer system that contains the CAGE Code file is in the management and

control of DISA. So does DLIS contact DISA for assistance prior to the teleconference I

participated in? **NO**. What they did was retry the transmission 23 times with the same result.

(The definition of crazy is someone who does the same thing over and over expecting a different

result each time) Welcome to DLIS.

16. DLIS uses the same user ID and password used by DAASO (Defense Automated

Address Systems Office now called the Defense Transaction Center ) another DLA field

Activity. DLIS and DAASO deliver computer files to the same library on my computer just in

different files. DASSO has no problem delivering computer files to the same computer that DLIS

claims they can't because of my error. The last Purchase Order I received from DAASO for a

-6-

**PLAINTIFF'S MOTION TO COMPEL FEDERAL DEFENDANT TO COMPLY WITH
THIS COURT'S PREVIOUS ORDER**

client was dated October 30, 2014, the last RFQ(Request for Quote) I received from DAASO was dated November 4, 2014. I also get computer files FTP to me occasionlly from DAPS (Defense Automated Publication Service) another DLA field activity. Last file I received was in April 2014 three months after DLIS claimed their transmission problem was my problem.

17. So if everyone else can send and receive to and from my computer why can't DLIS?

18. If DLIS's position had merit (which it dosen't), since DLIS and DAASO use the same user ID, password, and drop files in the same library in my computer. Then the error or any paramerter change on my computer would affect DLIS and DAASO. So why is only DLIS affected with this problem. The answer is simple. the ERROR is at DLIS not me.

19. Prior to DoD being connected to the internet when I received computer files from DLA, I would receive them all from DAASO because I had a point to point connection with DAASO and all of DLA computer files would funnel through DAASO to my computer. At that time I was receiving about 170 to 180 large files a month with out incident. One of the suggestions I had made to DLIS is for them to send the CAGE Code File to DAASO and have DAASO send it to me (This is how I used to get the CAGE Code File.) They said no.

20. Consequently, plaintiff believes that punitive damages are in order. There is nothing in FOIA that prohibits this court from awarding punitive damages. FOIA is silent on this issue. FOIA does allow "In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee"

5 U.S.C. 552(a)(4)(G)

**"In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible**

**PLAINTIFF'S MOTION TO COMPEL FEDERAL DEFENDANT TO COMPLY WITH THIS COURT'S PREVIOUS ORDER**

**employee,** (emphasis added) and in the case of a uniformed service, the responsible member."

21.    In this case the non-complying entity is a government agency. Ergo, the agency should be required to pay punitive damages. in the amount of $20,000.00 as allowed by paragraph 5 U.S.C. 552(a)(4)(G).

22.    Considering the fact that this specific case was previously adjudicated in this court with the exact same defendant with the exact same CAGE Code file using a different excuse "not business as usual"  and the defendant stipulated to supplying the CAGE Code file before this court ordered the defendant to provide the Cage Code file.

23. This is the third time this same plaintiff has had to bring this same defendant to this court for the same computer CAGE Code file (twice for refusing to provide the file and once for charging for administrative fees that are not allowed by FOIA).

Whereas, Plaintiff requests this court to Order the Defendant to;

A.  Provide the Cage Code file as requested under FOIA.

B. Pay Plaintiff $20,000.00 in punitive damages for their failure to comply the stipulation they entered into and wasting everyone's time.

Dated November 4, 2014

Richard Snyder

–8–

**PLAINTIFF'S MOTION TO COMPEL FEDERAL DEFENDANT TO COMPLY WITH THIS COURT'S PREVIOUS ORDER**

**EXHIBIT 1**

# EXHIBIT 1

1

2

3

4

5

# UNITED STATES DISTRICT COURT

6

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

7

8  TPS, INC.,                          )  Civil Action No. C-99-1825-CAL

9            Plaintiff,                )  ORDER GRANTING DEFENDANT'S
                                       )  MOTION FOR SUMMARY JUDGMENT
10           v.                        )

11 UNITED STATES OF AMERICA,           )          NOV 22 1999
                                       )   ENTERED IN CIVIL DOCKET _____, 19_____
12           Defendant.                )
   _____)

13

14       The motion by federal defendant United States Department of Defense, Defense Logistics

15 Agency, Defense Logistics for summary judgment or in the alternative to dismiss came on

16 regularly for hearing on October 29, 1999, the Honorable Charles A. Legge, judge presiding.

17 Paul Solon appeared on behalf of federal defendant and George Mac Vogelei appeared on behalf

18 of plaintiff.  The Court has reviewed the parties pleadings, conducted oral argument, and rules as

19 follows) for the reasons stated on the record in open court:

20       1.  Defendant's motion is granted in its entirety.  Plaintiff's action is dismissed with

21 prejudice.  There is no genuine issue of material fact before the Court.

22       2.  The court has no jurisdiction with respect to plaintiff's claims regarding the case code

23 file.  Plaintiff has filed an administrative appeal with respect to this file and therefore has not

24 exhausted mandatory administrative remedies.

25       3.  With respect to the H-6 files, the government agrees to make them all available to

26 plaintiff on CD ROM.  CD ROM, the record reflects, is how these files are readily reproducible.

27 The record reflects that, under FOIA, the transmission of "zipped" files or the compressing of

28

1   files to be transmitting electronically is not common; indeed, the record reflects the agency, under

2   FOIA, do not produce zipped files.  Production to plaintiff by this manner would not be business

3   as usual for the agency.

4           The clerk of the Court is directed to close the files in this action.

5

6   Dated:   11/15/99                    Charles A. Legge

7                                        CHARLES A. LEGGE
                                         United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S
MOT FOR SUMMARY JUDGMENT                                              2.

F I L E   C O P Y

1m

United States District Court
for the
Northern District of California
November 17, 1999

\* \* CERTIFICATE OF SERVICE \* \*

Case Number:3:99-cv-01825

TPS Inc.

vs

Dept of Defense

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Northern District of California.

That on  November 17, 1999, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.

George Mac Vogelei, Esq.
Law Office of George Mac Vogelei
2 Commercial Boulevard
Suite 101-A
Novato, CA  94949

Paul Solon, Esq.
U.S. Attorney's Office
Rm 114
450 Golden Gate Ave 10th Flr
P.O. Box 36055
San Francisco, CA  94102

Richard W. Wieking, Clerk

BY: _Sunline Marujama_
Deputy Clerk

# EXHIBIT 2

F I L E   C O P Y

Office of the Clerk
United States Court of Appeals for the Ninth Circuit
95 Seventh Street, P. O. Box 193939
San Francisco, CA 94119-3939


July 28, 2003


USDC, San Francisco
Northern District of California (San Francisco)
Federal Building
P.O. Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102


| C.A. NO. | TITLE | AGENCY/ D.C. NO. |
|----------|-------|------------------|
| 00-15144 | TPS, INC. v. DOD | CV-99-01825-CAL |

Dear Clerk:

     The following document(s) in the above listed cause(s) is (are)
being sent to you under cover of this letter.

          [x] Certified copy of the Decree of the Court
          [ ] Judgment of the National Labor Relations Board
          [ ] Certified copy of the Entry of Dismissal

     The record on appeal will follow under separate cover.

     Please acknowledge receipt on the enclosed copy of this
letter.

                              Very truly yours,

                              Cathy A. Catterson
                              Clerk of Court

                         By: Craig Westbrooke
                             Deputy Clerk

Enclosure(s)
cc: ALL COUNSEL

F I L E   C O P Y

DGMENT
=========================================================================

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

- - - - - - - - - - - - - -

NO. 00-15144
CT/AG#: CV-99-01825-CAL

TPS, INC.

        Plaintiff - Appellant

   v.

UNITED STATES DEPARTMENT OF DEFENSE; DEFENSE LOGISTICS
AGENCY

        Defendants - Appellees

- - - - - - - - - - - - - - - - - - - -

     APPEAL FROM the United States District Court for the
Northern District of California (San Francisco)  .

     THIS CAUSE came on to be heard on the Transcript of the
Record from the United States District Court for the
Northern District of California (San Francisco)
and was duly submitted.

     ON CONSIDERATION WHEREOF, It is now here ordered and
adjudged by this Court, that the judgment of the said
District Court in this cause be, and hereby is  REVERSED AND
REMANDED.

Filed and entered        June 3, 2003

# EXHIBIT  3



**DEFENSE LOGISTICS AGENCY**
DISPOSITION SERVICES
74 WASHINGTON AVENUE NORTH
BATTLE CREEK, MICHIGAN 49037-3092

DLA Counsel – Disposition Services                                    March 6, 2014

Mr. Richard Snyder
521 Alameda Del Prado # 228
Novato, CA 94949

Dear Mr. Snyder:

This letter responds to your December 3, 2013, Freedom of Information Act (FOIA) request case number DLIS-14-IFOI-00002 for a copy of the CAGE Code file.

Subsection (a)(2) of the FOIA requires that certain other types of records, final agency opinions and orders rendered in the adjudication of cases, specific policy statements, certain administrative staff manuals and instructions to staff, as well as records previously processed for disclosure under the FOIA that are likely to be requested again, be routinely made available for public inspection and copying. Records required to be made publicly available under subsection (a)(2) are not required to be processed in response to regular FOIA requests.

In the past, as a courtesy DLA has provided you via File Transfer Protocol (FTP) the CAGE Code file you requested. Recently, the FTP transfer stopped working in mid-stream and an inquiry to both our IT support and to the Defense Information Services Agency (DISA) did not identify any obstruction in this transfer from either DLA or DISA. Based on these efforts, the obstruction stopping the FTP from completing rests in either the receiving system or the receiving network.

As the exact records you seek are publicly available, DLA will no longer provide these records to you via FTP. You may access these records in the DLA Logistics Information Services FOIA eReading Room in the format you have requested, filename is h4h8.zip at http://www.logisticsinformationservice.dla.mil/foia/foia_reading.asp. We are also willing to provide you the data by CD, free of charge.

Should you have any questions or require further information, please contact me at 269 961-4513 or email Judith.Mansfield@dla.mil. Please reference our case number DLIS-14-IFOI-00002, in any subsequent communication regarding this request.

Sincerely,

Judith R. Mansfield
FOIA/Privacy Officer
DLA Logistics Information Services

CERTIFICATE OF SERVICE

Richard Snyder v. Department of Defense; Defense Logistics

CASE 99-CV-01825-JSW

The undersigned hereby certifies that he is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that he caused a copy of:

PLAINTIFF'S MOTION AND ORDER TO COMPEL THE FEDERAL DEFENDANT TO PROVIDE THE CAGE CODE FILE VIA FTP

to be served on this date by EMAIL upon the person at the place and address stated below, which is the last known address.

Hon  Malinda Haag
U.S. Attorney
Department of Justice
450 Golden Gate Avenue
10th floor
San Francisco CA 94102

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 4 November 2014

Richard Snyder