UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TPS INC., et al.,<br><br>           Plaintiffs,<br><br>     v.<br><br>DEPARTMENT OF DEFENSE, et al.,<br><br>           Defendants. | Case No. 99-cv-01825-JSW  (JCS)<br><br>**REPORT AND RECOMMENDATION RE MOTION TO COMPEL COMPLIANCE**<br><br>Re: Dkt. No. 59 |

## I.  INTRODUCTION

Richard Snyder moves to compel Defendants, the Defense Logistics Agency ("DLA") and the Department of Defense ("DoD"), to provide records via File Transfer Protocol (FTP) transmission to Snyder's computer. *See generally* Motion to Compel ("Mot.," dkt. 59). Snyder's Motion was referred to the undersigned magistrate judge on November 10, 2014. Dkt. 60. The undersigned finds the Motion suitable for resolution without oral argument. *See* Civ. L.R. 7-1(b). For the reasons stated below, the undersigned recommends that Snyder's Motion be DENIED.[1]

## II.  BACKGROUND

Snyder's corporation, TPS, Inc., initially sued Defendants in 1999 pursuant to the Freedom Of Information Act ("FOIA"). The Court granted summary judgment for Defendants, but after reversal by the Ninth Circuit the parties entered a stipulated settlement agreement, which was so-ordered by the Court on May 27, 2004. *See* Stipulation (dkt. 55). Although Snyder is currently

---

[1] The Motion was referred for decision because it appeared to be a discovery matter. The Motion in fact seeks injunctive relief, in the form of an order compelling compliance with the Court's previous order, and thus cannot be finally decided by a magistrate judge without consent of the parties. *See* 28 U.S.C. § 636(b)(1)(A). Although such matters are generally not subject to referral for recommendations in this Court, *see* General Order 42 ¶ 1, the undersigned has prepared this Report and Recommendation because the Motion is straightforward and is now fully briefed.

1  proceeding pro se, TPS was represented by counsel, Daniel E. Kensinger, at the time it entered the
2  agreement. *See id.* Snyder and Kensinger executed the agreement on behalf of TPS. *Id.*
3  Since that time, DLA provided records to Snyder and/or TPS via FTP transmissions in
4  response to Snyder's and/or TPS's quarterly requests, until December of 2013. Mot. ¶ 2 & Ex. 3.
5  DLA called Snyder in January of 2014 stating that the transmission failed due to errors that DLA
6  attributed to Snyder's computer or network, and sent a letter to that effect in March of 2014. *See
7  id.* ¶¶ 3−5 & Ex. 3. Snyder contends that the error lies with DLA rather than with Snyder's
8  equipment. *Id.* ¶ 18. Snyder also contends that DLA is bound by the parties' Stipulation to
9  provide these records to Snyder via FTP, and bases his present Motion on this argument. *Id.* ¶¶ 1,
10  22, 23.

**III.    ANALYSIS**

**A.    The Stipulated Settlement Agreement Does Not Require DLA to Provide Any Documents**

Snyder is incorrect as to the nature of the Stipulation. The Stipulation provides that DLA "shall direct the Department of the Treasury pay to plaintiff . . . the sum of $3,000." Stipulation ¶ 1. This payment is "in full satisfaction of any and all claims" based on DLA's conduct prior to the Stipulation. *Id.* ¶ 3. The parties agreed that the Stipulation "shall constitute the entire Agreement between the parties," and that "no warranties or representations have been made on any subject other than as set forth in this Agreement." *Id.* ¶ 20. They also agreed that the Stipulation "does not constitute an admission of liability or fault" by DLA. *Id.* ¶ 14. The Stipulation does not, however, include any agreement to transmit records to Snyder or TPS. *See generally id.*

Snyder does not contend that DLA failed to pay the $3,000 as agreed. His Motion to Compel Compliance therefore fails because no court order in this case requires DLA to transmit records via FTP.

In his Reply, Snyder now argues that the Stipulation "only pertains to the motion filed by TPS, Inc.'s counsel for fees and costs," and does not relate to whether Defendants would provide the files. Reply (dkt. 4) at 6. If that is so, Snyder has not identified any other court order or

stipulation that Defendants have failed to honor.

### B. The Ninth Circuit's Decision Does Not Require Defendants to Provide Files

To the extent that Snyder's Motion could be interpreted as seeking to enforce the Ninth Circuit's decision on appeal, that decision also does not provide for the relief Snyder seeks. *See TPS, Inc. v. U.S. Dep't of Defense*, 330 F.3d 1191 (9th Cir. 2003); Opp'n (dkt. 63) at 8 (considering this construction of Snyder's Motion). The Ninth Circuit held only that "the relevant inquiry [in a FOIA action] is whether, in general, the format is one that is 'readily reproducible' by the agency." *TPS*, 330 F.3d at 1197. It did not hold that Defendants were required to provide the files Snyder seeks, and did not issue an order requiring action by any party (except to require this Court to reconsider the case in light of the Ninth Circuit's holding as to the appropriate legal standard).[2]

### C. Snyder Does Not Have Standing to Enforce the Stipulated Settlement Agreement

Even if the Stipulation required anything more than the $3,000 payment, Defendants correctly note that Snyder is not a party to the agreement that he seeks to enforce, which was made between TPS and Defendants, and designates only TPS as the plaintiff in the action. *See* Opp'n at 7; *see generally* Stipulation. Snyder, an individual, therefore has no standing to enforce the Stipulation.[3]

Snyder's arguments to the contrary are not persuasive. He points to his status as plaintiff in a new FOIA action before Judge Westmore, Case No. CV 14-1746 KAW, but that does not speak to his role in this case or his right to enforce the settlement agreement. *See* Reply at 2−3. He also cites precedent regarding the standing of taxpayers who "allege that the government's use

---

[2] Because neither this Court nor the Ninth Circuit has previously held that Defendants must transfer files as Snyder would like, Snyder's arguments as to the effect of judicial precedent are not applicable. *See* Reply at 3−4 (discussing *Brown v. Board of Education*, 349 U.S. 294 (1955)).

[3] Nothing in the agreement indicates that Snyder is an intended third-party beneficiary. By its terms, the Stipulation requires only that Defendants pay $3,000 to TPS, and that TPS agree to dismiss its claims. *See* Stipulation. "[O]nly a party to a contract or an intended third-party beneficiary may sue to enforce the terms of a contract or obtain an appropriate remedy for breach," and "[t]o prove intended beneficiary status, 'the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party.'" *GECCMC 2005-C1 Plummer St. Office Ltd. P'ship v. JPMorgan Chase Bank, N.A.*, 671 F.3d 1027, 1033 (9th Cir. 2012). Snyder has made no such showing.

of its taxing and spending power exceeds specific constitutional limitations, such as the Establishment Clause," but there are no such constitutional allegations in this case. *See id.* at 4.[4] Snyder argues that he is a party to an implied-in-fact contract with Defendants, but even if true that would not affect his standing to enforce a court order in this long-dormant case. *See id.* at 4−5. Snyder's Motion here purports ask the Court to compel compliance with a court order; it does not properly implicate any other authority (such as an implied-in-fact contract or the FOIA statute itself) that might obligate Defendants to provide the files Snyder seeks.

## IV.   CONCLUSION

Snyder has not identified any court order with which Defendants have failed to comply. The stipulated settlement agreement alluded to in Snyder's Motion requires only payment to Snyder's former corporation, and Snyder does not dispute that such payment was made. The undersigned therefore recommends that Snyder's Motion to Compel Compliance be DENIED. **Any party may file written objections to this recommendation "[w]ithin fourteen days after being served with a copy."** 28 U.S.C. § 636(b)(1).

Snyder is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance if he proceeds without retaining counsel. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either

/ / /
/ / /
/ / /
/ / /

---

[4] This portion of Snyder's Reply quotes, without attribution, the Legal Information Institute's preview analysis of *Arizona Christian School Tuition Org. v. Winn* and a related case before the Supreme Court, published before the Supreme Court reached its decision. *See* http://www.law.cornell.edu/supct/cert/09-987. The Supreme Court ultimately held that the plaintiffs in that case did not have standing. *See Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1449 (2011).

4

office.  Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

Dated: December 18, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge